IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| EVELYN M. GRAHAM,<br><br>    Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC. and<br>CREDIT COLLECTION SERVICES,<br>INC.,<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Evelyn M. Graham, against Quest Diagnostics, Inc. ("Quest Diagnostics") and Credit Collection Services, Inc. ("CCS"), for violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 P.S. §201-1, *et seq.* ("UTPCPL"), the Pennsylvania Fair Credit Extension Uniformity Act. 73 P.S. §2770.4 ("FCEUA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### THE PARTIES

2. Plaintiff Evelyn M. Graham is an adult individual residing in Honey Brook, Pennsylvania.

3. Quest Diagnostics is a Delaware corporation registered to conduct business in the Commonwealth of Pennsylvania.

4. CCS is a Massachusetts corporation registered to conduct business in the Commonwealth of Pennsylvania.

## JURISDICTION & VENUE

5. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

6. This Court further possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state law claims alleged here are related to the claims in this matter within original jurisdiction so as to be considered part of the same case or controversy.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

8. Ms. Graham is a "consumer" as that term is defined by the FDCPA and FCEUA. 15 U.S.C. §1692a(3), 73 P.S. §2270.3.

9. Quest Diagnostics is a "creditor" and/or "debt collector" as that term is defined by the FCEUA. 73 P.S. §2770.3.

10. CCS is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. §1692a(6).

11. All contacts between Defendants Quest Diagnostics and CCS and Ms. Graham were "communications" relating to a "debt" as defined by the FDCPA and FCEUA. 15 U.S.C. §§1692a(2), 1692a(5), 73 P.S. §2270.3.

12. The debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

13. Quest Diagnostics has erroneously been engaging in collection activities against Ms. Graham for a medical debt resulting from laboratory tests that took place on April 22, 2019. (hereafter the "debt").

14. On or about August 5, 2019, Ms. Graham made a one-time payment of $66.87 satisfying her debt obligation to Quest Diagnostics.

15. Notwithstanding the above, Quest Diagnostics continued to send invoices to Ms. Graham in order to coerce payment of the already paid debt. By way of example, Ms. Graham received invoices dated January 9, 2020 and March 19, 2020.

16. On or about January 13, 2020, Ms. Graham had an appointment at a Quest Diagnostics facility where she was informed that she has an outstanding balance. Ms. Graham explained to the Quest Diagnostics' employee that any debt obligation to Defendant has been satisfied.

17. On or about January 15, 2020, Ms. Graham contacted Quest Diagnostics via telephone to inform the Defendant that the debt was previously paid in full.

18. Notwithstanding the above, on or about January 22, 2020, Ms. Graham additionally sent a certified letter to Quest Diagnostics informing the Defendant that the debt was previously paid in full hoping to resolve the issue.

19. Notwithstanding the above, on or about February 7, 2020, Quest Diagnostics once again sent correspondence to Ms. Graham demanding additional payment from Ms. Graham.

20. Quest Diagnostics further engaged Defendant CCS to amplify its collection activities by having CCS send its own dunning letter on or about April 22, 2020 to Ms. Graham which attempted to collect $356.90 for the debt at issue and two additional invoices that Ms. Graham had also previously paid.

21. The activities described above were all done by Quest Diagnostics and CCS in an attempt to collect the debt with the intent to annoy, abuse and harass Ms. Graham.

22. Quest Diagnostics and CCS acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

23. Quest Diagnostics and CCS acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of the debt.

24. Quest Diagnostics and CCS acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

25. Quest Diagnostics and CCS acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

26. Quest Diagnostics and CCS knew or should have known that their actions violated the FDCPA and/or FCEUA.  Additionally, Quest Diagnostics and CCS could have taken the steps necessary to bring their agents' actions within compliance, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

27. At all times pertinent hereto, Quest Diagnostics and CCS were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of Quest Diagnostics and CCS as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Ms. Graham herein.

29. As of result of Quest Diagnostics' and CCS' conduct, Ms. Graham has suffered actual damages in the form of harm to ascertainable losses including late fees, bank charges and postage charges, credit reputation and credit score, time lost disputing, invasion of privacy and emotional distress, including humiliation and embarrassment.

## COUNT I – QUEST DIAGNOSTICS
## VIOLATIONS OF FCEUA

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Quest Diagnostics is a creditor under the FCEUA, violated the FCEUA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 73 P.S. §2770.4(b)(4).

32. Quest Diagnostics violated the FCEUA as described above by using false, deceptive or misleading representations or means in connection with the collection of any debt. 73 P.S. §2770.4(b)(5).

33. Quest Diagnostics violated the FCEUA as described above by misrepresenting the character, amount, or legal status of the debt. 73 P.S. §2770.4(b)(5)(ii).

34. Quest Diagnostics violated the FCEUA as described above by threatening to take any action that cannot legally be taken or that is not intended to be taken. 73 P.S. §2770.4(b)(5)(v).

35. Quest Diagnostics violated the FCEUA as described above by the use of false representation or deceptive means to collect or attempt to collect against Ms. Graham. 73 P.S. §2770.4(b)(5)(x).

36. Quest Diagnostics violated the FCEUA as described above by using unfair or unconscionable means to attempt to collect the debt. 73 P.S. §2770.4(b)(6).

37. Quest Diagnostics' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Ms. Graham's rights under the law.

38. Quest Diagnostics' conduct was absent bona fide error and a direct and proximate cause and/or substantial factor in causing the injuries to Ms. Graham as described above.

39. Quest Diagnostics' violations of the FCEUA identified herein constitute a violation of the UTPCPL and, as a result, Defendant is liable to Ms. Graham for damages to include: statutory damages, actual damages, treble damages, costs of this action and attorney's fees. 73 P.S. §2770.5(a), 73 P.S. 201-9.2(a).

## COUNT II – CCS
## VIOLATIONS OF FDCPA

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. CCS violated the FDCPA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

42. CCS violated the FDCPA as described above by using false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

43. CCS violated the FDCPA as described above by misrepresenting the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2)(A).

44. CCS violated the FDCPA as described above by threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

45. CCS violated the FDCPA as described above by the use of false representation or deceptive means to collect or attempt to collect against Ms. Graham. 15 U.S.C. § 1692e(10).

46. CCS violated the FDCPA as described above by using unfair or unconscionable means to attempt to collect the debt. 15 U.S.C. § 1692f.

47. CCS violated the FDCPA as described above by failing to comply with notice requirements in its initial communications with Ms. Graham. 15 U.S.C. § 1692g.

48. CCS' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Ms. Graham's rights under the law and with the purpose of coercing Ms. Graham to pay the alleged debt.

49. As a result of the above violations of the FDCPA, CCS is liable to Ms. Graham for: statutory damages, actual damages and attorneys' fees and costs. 15 U.S.C. § 1692k.

## JURY TRIAL DEMAND

50. Ms. Graham demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Ms. Graham requests judgment in her favor and against Defendants Quest Diagnostics and CCS for damages to include statutory damages, actual damages, treble damages, punitive damages costs of this action, reasonable attorney's fees as claimed above and such other relief that this Court deems proper.

                                                            Respectfully Submitted,

                                                            **GORSKI LAW, PLLC**

                                                            GREGORY GORSKI
                                                            PA Attorney ID: 91365
                                                            1635 Market Street, Suite 1600
                                                            Philadelphia, PA 19103
                                                            Tel: 215-330-2100
                                                            Email: greg@greggorskilaw.com

                                                            Attorneys for Plaintiff

Dated:   December 23, 2020